Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
. New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED

MAR 25 2011

| | |
|---|---|
| BRANDON COLE, | Civil Action No. |
| *Plaintiff,* | |
| v. | **COMPLAINT AND** |
| | **DEMAND FOR A JURY TRIAL** |
| JOHN WILEY & SONS, INC., | |
| *Defendant.* | |

Plaintiff Brandon Cole, by and through undersigned counsel, pursuant to Rule 8 of the

Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by

jury of all claims and issues so triable and, for his Complaint against Defendant John Wiley &

Sons, Inc. ("Defendant" or "Wiley") states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction for Plaintiff's claims lies with the United States District Court for the

Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*,

and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of

Congress relating to copyrights).

2.     This is an action for copyright infringement and related claims brought by Plaintiff, the registered owner of copyrights to photographs, including but not limited to those described herein, against Defendant for unauthorized uses of those copyrighted photographs.

3.     Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendant conducts substantial business within the State of New York, has infringed Plaintiff's copyrights within the State of New York as described herein, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) since the alleged misconduct by Defendant occurred in this district.

## PARTIES

4.     Plaintiff Brandon Cole ("Cole") is a resident of the State of Washington.

5.     Defendant John Wiley & Sons, Inc. is a New York corporation having its principal place of business at 11 Water Street, Hoboken, New Jersey.

## GENERAL ALLEGATIONS

1.     Plaintiff Brandon Cole is a professional photographer who makes his living by taking and licensing photographs.

2.     Defendant Wiley is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, travel books, and other similar materials and publications.

3.     Upon information and belief, Wiley has exploited several of Plaintiff's copyrighted photographs—including, but not limited to the photographs identified herein—in various publications—including, but not limited to the publications identified herein—without permission. Because information regarding Defendant's use of Plaintiff's photographs remains in Defendant's sole possession, the full and complete scope of Defendant's infringing activities

and infringing uses of Plaintiffs' creative works has not yet been ascertained.

## FACTUAL ALLEGATIONS

4.     Upon information and belief, Defendant Wiley creates, publishes, markets, and/or sells books and other materials under various imprints, including "Frommer's."

5.     Upon information and belief, on or about November 9, 2010, Defendant published Plaintiff's photograph entitled "nf92 hammerhead shark" in a publication entitled or referred to as "Frommer's Costa Rica 2011" without seeking or obtaining permission from Plaintiff.

6.     Upon information and belief, on or about November 9, 2010, Defendant published Plaintiff's photograph entitled "kg 2066 manta ray" in a publication entitled or referred to as "Frommer's Costa Rica 2011" without seeking or obtaining permission from Plaintiff.

7.     Upon information and belief, on or about November 9, 2010, Defendant published Plaintiff's photograph entitled "iy904 eel" in a publication entitled or referred to as "Frommer's Costa Rica 2011" without seeking or obtaining permission from Plaintiff.

8.     Upon information and belief, on or about November 9, 2010, Defendant published Plaintiff's photograph entitled "qc71193 common dolphin" in a publication entitled or referred to as "Frommer's Costa Rica 2011" without seeking or obtaining permission from Plaintiff.

9.     Upon information and belief, on or about November 9, 2010, Defendant published Plaintiff's photograph entitled "mv131 humpback whale" in a publication entitled or referred to as "Frommer's Costa Rica 2011" without seeking or obtaining permission from Plaintiff.

10.     Upon information and belief, on or about October 26, 2010, Defendant published Plaintiff's photograph entitled "nf92 hammerhead shark" in a publication entitled or referred to as "Frommer's Costa Rica 2011 Kindle eBook" without seeking or obtaining permission from Plaintiff.

11.     Upon information and belief, on or about October 26, 2010 Defendant published Plaintiff's photograph entitled "kg 2066 manta ray" in a publication entitled or referred to as "Frommer's Costa Rica 2011 Kindle eBook" without seeking or obtaining permission from Plaintiff.

12.     Upon information and belief, on or about October 26, 2010 Defendant published Plaintiff's photograph entitled "iy904 eel" in a publication entitled or referred to as "Frommer's Costa Rica 2011 Kindle eBook" without seeking or obtaining permission from Plaintiff.

13.     Upon information and belief, on or about October 26, 2010 Defendant published Plaintiff's photograph entitled "qc71193 common dolphin" in a publication entitled or referred to as "Frommer's Costa Rica 2011 Kindle eBook" without seeking or obtaining permission from Plaintiff.

14.     Upon information and belief, on or about October 26, 2010 Defendant published Plaintiff's photograph entitled "mv131 humpback whale" in a publication entitled or referred to as "Frommer's Costa Rica 2011 Kindle eBook" without seeking or obtaining permission from Plaintiff.

15.     Plaintiff's "nf92 hammerhead shark" photograph is registered with the U.S. Copyright Office as part of Copyright Registration VAu 572-709.

16.     Plaintiff's "kg 2066 manta ray" photograph is registered with the U.S. Copyright Office as part of Copyright Registration VAu 465-978.

17.    Plaintiff's "iy904 eel" photograph is registered with the U.S. Copyright Office as part of Copyright Registration VAu 465-978.

18.    Plaintiff's "qc71193 common dolphin" photograph is registered with the U.S. Copyright Office as part of Copyright Registration VAu 972-919.

19.    Plaintiff's "mv131 humpback whale" photograph is registered with the U.S. Copyright Office as part of Copyright Registration VAu 510-870.

20.    Defendant, by its willful and knowing actions, injured Plaintiff by engaging in the unlicensed, unauthorized, and uncompensated use of Plaintiff's creative works—including, but not limited to, the works identified herein—and, as such, deprived Plaintiff of his rightful control over and compensation for the use of his creative works.

21.    Upon information and belief, Defendant has and continues to financially benefit from the uncompensated use of Plaintiff's creative works.

22.    Upon information and belief, the particular unauthorized uses identified herein are part of a pattern and practice of Defendant's use of third-party photographic images without permission.

23.    Upon information and belief, Defendant's unauthorized use of Plaintiff's photographs identified herein demonstrates or is part of or evinces or is the result of a broader, systematic pattern of unauthorized use and copyright infringement by Defendant.

24.    Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiff's images is not limited to the photographic works identified herein.

25.     Upon information and belief, Defendant's pattern of unlicensed, unauthorized, and uncompensated use of Plaintiff's creative works injured Plaintiff, including by depriving Plaintiff of his rightful compensation for the use of his creative works and infringing on his exclusive rights to control the reproduction, use, distribution, and sale of his creative works.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

26.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-25 as if set forth fully herein.

27.     Plaintiff is the registered copyright owner of the creative works identified herein and that are the subject of this action.

28.     Defendant used, published, distributed, and exploited Plaintiff's creative works without license or permission or authorization to do so.

29.     Upon information and belief, Defendant did not secure prior permission, authorization, or a license to use and display Plaintiff's creative works in the publications and materials identified herein.

30.     By infringing Plaintiff's copyrights in creating and distributing commercial publications, Defendant misappropriated Plaintiff's intellectual property for its own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

31.     Defendant's unauthorized use of Plaintiff's copyrighted images was willful.

32.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation,

credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

WHEREFORE, Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1.      A preliminary and permanent injunction against Defendant precluding Defendant from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publication identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendant;

2.      All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendant's lack of attribution, and Defendant's profits attributable to infringement;

3.      Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4.      Any other relief authorized by law, including punitive and/or exemplary damages; and

5.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated March 25, 2011
New York, New York.

7

Respectfully submitted,

NELSON & McCULLOCH LLP

By: _____
Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiff*