



# Nelson & McCulloch LLP

Intellectual Property Litigation
New York | Denver | Columbus

The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/2011

Dan Nelson*                                                                 Kevin P. McCulloch+

October 4, 2011

VIA FACSIMILE TO (212) 805-4258

Hon. Debra Freeman
United States District Court
Southern District of New York
Daniel P. Moynihan Courthouse
500 Pearl Street
New York, NY 10007

RE: *Cole v. John Wiley & Sons, Inc.*, No. 11-CV-2090-DCF

Dear Judge Freeman:

I am counsel for Plaintiff Brandon Cole ("Plaintiff") in the above-referenced action and write pursuant to Fed. R. Civ. P. 37(a) to request that the Court compel Defendant John Wiley & Sons, Inc. ("Defendant") to comply with discovery requested under Rule 34. Plaintiff's counsel certify that we met and conferred in good faith with counsel for Defendant in an attempt to resolve this matter without court action, but Defendant's counsel refuses to withdraw its baseless objections and comply with discovery.

On May 17, 2011, Plaintiff served his First Requests for Production of Documents. Among other things, Plaintiff requested:

9. Documents regarding Defendant's requests for permission to use third-party photographs in the publications identified in the Complaint.

10. Copies of all communications sent to or received from any person or entity pertaining to the use of that person's or entity's photographs in the publications identified in the Complaint.

16. Communications and other documents exchanged between Defendant and any other person or entity whose photographs appear in the 2010 and 2011 editions of the Costa Rica publication by Frommer's, and any ancillary publications or materials, including any Kindle eBooks.

22. All documents, including internal Wiley correspondence, documents, and e-mails regarding, concerning, or pertaining to Wiley's use of third-party imagery prior to the license date.

Handwritten order: The within application to compel production of documents is granted to the extent that defendant shall produce communications (i.e., email and correspondence) with the individuals considered by defendant to be the "contact people" for obtaining copyright licenses for the photographs contained in the 2011 book (whether the individuals are the photographers themselves, their agents, or representatives of corporate entities) — such communications to relate to the use of the photographs in the 2011 book or permission for such use. The production, at this time, need not include documents other than emails & other correspondence (such as license agreements, purchase orders, or invoices), although plaintiff may later seek such additional documents, upon an adequate showing of relevance.

SO ORDERED: DATE: 11/3/11

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

*Admitted in NY and CO
+Admitted in NY and DC

www.nelsonmcculloch.com